UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-22003-Civ-COOKE
(03-20759-Cr-COOKE)

WILFREDO RODRIGUEZ,

    Movant,

vs.

UNITED STATES OF AMERICA,

    Respondent.

_____/

## ORDER APPROVING AND ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

**THIS MATTER** was referred to the Honorable Jonathan Goodman, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(A)–(B), for a ruling on all pre-trial, non-dispositive matters and for a Report and Recommendation on any dispositive matters. ECF No. 4. On October 28, 2020, Judge Goodman issued a Report and Recommendation ("Report") (ECF No. 12) recommending denial of Movant's Motion to Vacate under 28 U.S.C. § 2255 ("Motion") (ECF No. 3). The Motion argued that Movant's "18 U.S.C. § 924(o) conviction on Count 3 and his § 924(c) conviction on Count 5 [were] invalid and unconstitutional in light of *United States v. Davis*, 139 S. Ct. 2319 (2019)." ECF No. 3 at 5. *Davis* held that the "residual clause" in "§ 924(c)(3)(B) [was] unconstitutionally vague." 139 S. Ct. at 2336.

As relevant here, the Report recommended that Movant's *Davis* claim be denied on the merits because the Court could not find that "the alleged [*Davis*] error 'had substantial and injurious effect or influence in determining the jury's verdict.'" *See* ECF No. 12 at 26 (quoting *Hedgpeth v. Pulido*, 555 U.S. 57, 58 (2008)). Key to this determination was that "the record indicate[d] that the jury based [the § ] 924(o) and (c) convictions partly on [Movant's] conviction for conspiracy to possess cocaine with intent to distribute . . . and attempted

1

possession of cocaine with intent to distribute." *Id.* at 25.[1] The record so indicated because "[a]ny reasoned assessment of the trial evidence demonstrate[d] that the offenses were all substantially interrelated." *Id.* at 22; *see also id.* at 21 ("These crimes are all intertwined and were committed as part of one scheme.").

The Report also recommended that the Motion be denied as procedurally defaulted because, as relevant here, Movant failed to raise a vagueness claim on direct appeal. *See id.* at 26–27. Further, the Report found that Movant could not show "cause for his failure to raise the claim earlier and actual prejudice resulting from the alleged error." *Id.* at 27 (citation and quotation marks omitted). Additionally, the Report found that Movant could not show that the jury based his § 924(c) and (o) convictions solely on his conviction for Hobbs Act conspiracy (and not the drug trafficking convictions); thus, he could not show actual innocence. *See id.* at 28–29.[2]

Movant filed Objections (ECF No. 13) to the Report. The Objections largely repeat arguments from the Motion and Movant's Reply (ECF No. 10) to the Government's Answer (ECF No. 8). As discussed below, the Court adopts the Report with the following supplemental discussion.

The Report correctly found that Movant procedurally defaulted the *Davis* claim by failing to raise it on direct appeal. A "defendant generally must advance an available challenge to a criminal conviction on direct appeal or else the defendant is barred from raising that claim in a habeas proceeding." *Granda v. United States*, 990 F.3d 1272, 1286 (11th Cir. 2021) (citation and quotation marks omitted). Movant concedes that he did not raise a vagueness challenge to his § 924(c) and (o) convictions on direct appeal. *See* ECF No. 10 at 18–23.

"[Movant], therefore, procedurally defaulted this claim and cannot succeed on collateral review unless he can either (1) show cause to excuse the default <u>and</u> actual prejudice

---

[1] These offenses are "drug trafficking crimes" under § 924(c)(1)(A). *Davis* "invalidated only § 924(c)(3)(B)'s residual clause relating to crimes of violence." *In re Navarro*, 931 F.3d 1298, 1302 (11th Cir. 2019).

[2] Hobbs Act conspiracy is no longer a "crime of violence" under § 924(c)(3)(B)'s elements clause. *Brown v. United States*, 942 F.3d 1069, 1075 (11th Cir. 2019) (per curiam). And *Davis* invalidated § 924(c)(3)(B)'s residual clause. Therefore, Movant's Hobbs Act conspiracy conviction alone could not support his § 924(c) and (o) convictions.

from the claimed error, or (2) show that he is actually innocent of the § 924(o) [and (c)] conviction[s]." *Granda*, 990 F.3d at 1286 (citation omitted).

Here, Movant cannot show actual prejudice from the alleged *Davis* error.[3] "Actual prejudice means more than just the possibility of prejudice; it requires that the error worked to [Movant's] actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* at 1288 (citation omitted). To meet this standard, Movant must show "a substantial likelihood that the jury relied only on the [Hobbs Act conspiracy] conviction, because reliance on any of [the drug trafficking crimes] would have provided a wholly independent, sufficient, and legally valid basis to convict [Movant of the § 924(c) and (o) offenses]." *See id.*

Movant cannot make this showing. As the Report found, "[t]he trial record makes it abundantly clear that [Movant's Hobbs Act conspiracy and drug trafficking convictions] rested on the same operative facts and the same set of events." *See id.* at 1289. Furthermore, the jury convicted Movant of the drug trafficking offenses. Thus, Movant cannot show that the jury could have found that he conspired to possess, and actually possessed, the firearms in furtherance of the plan to rob (and later sell) the cocaine but not in furtherance of the conspiracy and attempt to possess with intent to distribute the same cocaine. *See* ECF No. 12 at 28; *see also Granda*, 990 F.3d at 1289–91. In short, Movant has not shown actual prejudice sufficient to excuse his default of his *Davis* claim.

Nor can Movant show actual innocence. "The actual innocence exception to the procedural default bar is exceedingly narrow in scope as it concerns [Movant's] actual innocence rather than his legal innocence." *Granda*, 990 F.3d at 1292 (citation and quotation marks omitted). "To establish actual innocence, [Movant] must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Id.* (citation omitted). Thus, to demonstrate actual innocence of the § 924(c) and (o) convictions, he "would have to show that no reasonable juror would have concluded he conspired to possess a firearm [and actually possessed a firearm] in furtherance of any of the valid predicate [i.e., drug trafficking] offenses." *See id.* This he cannot do because "the valid drug-trafficking . . . predicates are inextricably intertwined with the invalid conspiracy-to-rob

---

[3] Because Movant must show cause and prejudice to overcome the procedural default, the Court need not consider whether he has shown cause.

3

predicate," which "makes it impossible for [him] to show that his § 924(o) [and (c)] conviction[s were] in fact based on the conspiracy-to-rob predicate." *See id.*

In sum, Movant cannot show prejudice or actual innocence. Consequently, "he cannot overcome procedural default." *See id.*

Furthermore, even if Movant's *Davis* claims were not procedurally defaulted, he would not be entitled to § 2255 relief. "On collateral review, the harmless error standard mandates that relief is proper only if the court has grave doubt about whether a trial error of federal law had substantial and injurious effect or influence in determining the jury's verdict." *Id.* (cleaned up). Under this standard, "the court may order relief only if the error 'resulted in actual prejudice.'" *Id.* (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)). This requirement is not a burden of proof. *Id.* at 1292–93 (citations omitted). "Instead, the reviewing court should ask directly whether the error substantially influenced the jury's decision." *Id.* at 1293 (citation and quotation marks omitted). "[I]f the court cannot say, with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error, the court must conclude that the error was not harmless." *Id.* (citation and quotation marks omitted).

Here, the "record does not provoke grave doubt about whether [Movant's] § 924(o) [and (c)] conviction[s] rested on an invalid ground." *See id.* As the Court explained above, his "conspiracy to commit Hobbs Act robbery was inextricably intertwined with the [drug trafficking] offenses." *See id.* "There is little doubt that if the jury found that [Movant] conspired to possess a firearm in furtherance of his conspiracy to commit Hobbs Act robbery, it also found that he conspired to possess a firearm in furtherance of the other . . . drug-trafficking predicates of which the jury convicted him." *See id.* Thus, even though the Court instructed the jury that it could base the § 924(c) and (o) counts on only the Hobbs Act conspiracy count, *see* Cr-ECF No. 100 at 15, 17–18, Movant is not entitled to § 2255 relief. *See Granda*, 990 F.3d at 1293.

In sum, after careful, *de novo* consideration of the Motion, Report, Objections, record, and applicable authorities, and being otherwise fully advised in the premises, the Court agrees with the Report and finds that the Motion should be denied.[4]

---

[4] The Report recommended that the Court issue a certificate of appealability ("COA"). ECF No. 12 at 29–30. However, after *Granda*, Movant is not entitled to a COA. *Hamilton v. Sec'y,*

Accordingly, it is **ORDERED and ADJUDGED** that the Report (ECF No. 12) is **APPROVED and ADOPTED**. As a result, the Motion (ECF No. 3) is **DENIED**. Furthermore, a certificate of appealability is **DENIED**. The Clerk is directed to **CLOSE** the case.

**DONE and ORDERED** in chambers, at Miami, Florida, this 15th day of April 2021.

*Marcia G. Cooke*
MARCIA G. COOKE
United States District Judge

---

*Fla. Dep't of Corr.*, 793 F.3d 1261, 1266 (11th Cir. 2015) (per curiam) ("[N]o COA should issue where the claim is foreclosed by binding circuit precedent . . . ." (citation omitted)).